The opinion of the court was delivered by
Fenner, J.
The State appeals from a judgment quashing the indictment.
The Act No. 11 of 1882 defines and punishes the offence of resisting or assaulting an officer of the State ‘ ‘ while serving or attempting to serve or execute the process, writ or order of any court.”
The indictment charged accused with “assaulting” and with “resisting” an officer of the town of Mansfield, designated as a “constable, marshal and peace officer,” he “being then and there in the due and legal execution of said office.”
Leaving out of view the question as to whether a town officer is an “ officer of the State” within the meaning of the statute, it is. clear that the indictment is fatally defective in not charging that the officer assaulted and resisted was then “serving or attempting to serve or execute the process, writ or order of some court.”
The averment that he was engaged in “ due and legal execution of his office,” might well be satisfied by his engagement in performing other duties thereof not connected with the service of any process of court. “The indictment,” says Bishop, “ought to contain a-complete description of such facts and circumstances as constitute the crime, without inconsistency or repugnancy. In other words it should distinctly specify everything which enters into the offence.”' 1 Bish. Or. Proc., Sec. 509.
“An indictment under a statute ought, with certainty and precision, to charge defendant with having committed the acts under the circumstances mentioned in the statute.” State vs. Stiles, 5 An. 324; State vs. Sheppard, 33 An. 1216.
The indictment here was fatally defective.
Judgment affirmed.